[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR MODIFICATION OF CUSTODY (#189)
The parties' marriage was dissolved on February 14, 1996. In accordance with a stipulation, the court bifurcated the trial and reserved jurisdiction over the issues of custody and visitation concerning the two minor children until an independent evaluation of the family had been completed by Doctor Ronald Naso, a clinical psychologist. The children CT Page 9218 are Hannah Christie, born September 12, 1991, and Samuel Dickson, born November 19, 1993.
A hearing was held on May 5, 1998. The parties stipulated to their sharing joint legal custody with the plaintiff having physical custody of both children. The only issue actually litigated was the periods of parenting time the defendant would spend with the children.
On May 6, 1998 this court issued its decision. It approved the stipulation as to custody and set out specific orders as to a parenting plan, including a procedure to settle disputes by the use of a mediator.
On January 4, 2001, the plaintiff tiled the present motion requesting a modification of the current joint custody order, and that she be awarded sole legal and physical custody of the children. Evidence was presented on this motion, as well as the defendant's motion to modify the parenting plan (#198), on July 5, July 6, July 11, July 12 and July 13, 2001. The parties were represented by counsel, and an attorney represented the children's interests. The parties presented several witnesses, including the guardian ad litem appointed for the children.
The court has carefully considered the evidence and the arguments of counsel in reaching its decision.
It is well settled in this state that, in deciding custody or visitation issues, a court must always be guided by what is in the best interests of the child. See Schult v. Schult, 241 Conn. 767, 777 (1997);Yontef v. Yontef, 185 Conn. 275, 282 (1981). General Statutes, Section46b-56 (b) provides in part that "in making or modifying any order with respect to custody or visitation, the court shall (1) be guided by the best interests of the child. . . ." "While the rights, wishes and desires of the parents must be considered it is nevertheless the ultimate welfare of the child which must control the decision of the court." Ridgeway v.Ridgeway, 180 Conn. 533, 541 (1980).
As previously stated, at the original hearing on custody and visitation, the court approved the stipulation as to joint legal custody and entered an order in accordance with the agreement of the parties. No evidence was presented on the issue, and the court accepted the parties' decision that the joint custodial arrangement was in the best interests of their children.
At the original hearing involving the determination of a parenting plan, Doctor Naso. the psychologist, recognized the inability of the parties to communicate but expected that there would be improvement in that area in the future. CT Page 9219
The evidence reveals and the court finds the following history of events since judgment was entered on May 6, 1998.
From May, 1998 through August, 1999, the parties were able to communicate, and their joint custodial arrangement operated without apparent significant problems. In August, 1999, their relationship changed dramatically, and no communication between them occurred until July, 2000. At that time, with the assistance of the attorney for the children, they resumed communicating by the use of e-mail and that practice has continued to date. However, this has not resulted in producing the desired goal of solving parenting issues.
During the past three years, the parties failed to consult the court appointed mediator for assistance. During this period, a therapist was retained for the children to assist them in coping with the problems created by their parents' behavior.
The court initially approved the current custodial arrangement based on the desire of the parties and the optimistic assumption of Doctor Naso that "time would heal all wounds." The behavior of both the plaintiff and the defendant during the past three years clearly indicates that the doctor's prognosis did not hold true.
Each party must bear some responsibility for the failure of the present custodial arrangement. The plaintiff is unable to set aside her angry feelings toward the defendant in dealing with the management of their children's lives. The defendant also has problems in suppressing his need to monitor the plaintiff's parenting skills and to micromanage decisions involving his children while they are with their mother.
After conducting an extensive hearing on the present motion, the court is convinced that the joint custodial situation is not in the best interests of the children. The inability of the parties to cooperate in coordinating services and activities for their children has created a tension filled atmosphere that is not beneficial for the children. They are entitled to be raised in an environment free of stress and not to be exposed to the continuous bickering between their parents resulting in disruptions in their daily schedules.
A change in the present custodial order is required. The parties must understand that the modification is not intended as a punishment to the defendant or as a reward to the plaintiff. The decision is guided by what is best for the welfare of their children.
The defendant is a capable and fit parent, who has a loving and warm CT Page 9220 relationship with his children. He has played an important role in their lives, and the court expects him to continue to do so in the future.
The plaintiff's motion is granted. The plaintiff is awarded sole legal and physical custody of the minor children.
The plaintiff shall consult with the defendant concerning decisions relating to nonemergency, or non-routine, medical and dental care for the children, as well as choice of schools. If the parties are unable to agree, the plaintiff shall make the final decision.
If the plaintiff decides to use a medical or dental service that is not covered by the defendant's health plan, and the parties are unable to agree as to who will pay for the services, either party may seek court intervention only as to the issue of responsibility for payment. The plaintiff shall demonstrate the need to go outside the plan, and the reasons that she specifies shall be a major consideration in the apportionment of the liability for payment of the service.
If the plaintiff plans to relocate outside of Fairfield county, she shall give the defendant at least 90 days notice in writing.
The defendant shall have liberal and reasonable rights of visitation. Those rights are addressed in the memorandum of decision issued on this date in response to the defendant's motion for modification of the parenting plan. (#198).
Judgment may enter accordingly.
NOVACK, JUDGE TRIAL REFEREE